UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:17-cv-02474 WBS DB |
| Plaintiff, | |
| v. | ORDER RE: MOTION FOR SUMMARY JUDGMENT |
| SWEET SPARK, INC., | |
| Defendant. | |

----oo0oo----

Plaintiff Scott Johnson, an individual with a disability, initiated this action against defendant Sweet Spark, Inc. ("Sweet Spark"), seeking damages under the Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51-53; injunctive relief under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Unruh Act; and attorney's fees and costs. Before the court is plaintiff's motion for summary judgment.

I. Facts

Plaintiff is a quadriplegic who uses a wheelchair for

1

mobility and has a specially equipped van.  (Decl. of Scott Johnson ("Johnson Decl.") ¶¶ 2-3 (Docket No. 24-5).)  Plaintiff alleges that on at least five different occasions between March 2017 and September 2017, he visited Fix Auto Sacramento ("Fix Auto") at 4220 Stockton Boulevard, Sacramento, California.  (Id. ¶¶ 4, 13.)  At all relevant times, Sweet Spark owned, and presently owns, Fix Auto.  (Def's Resp. to Pl.'s Req. for Admis. 2-5 (Docket No. 24-12).)

Plaintiff alleges that during these visits, he encountered access barriers that denied him full and equal access to Fix Auto and caused him difficulty and frustration.  (Johnson Decl. ¶¶ 6-12.)  First, he contends there were no ADA compliant parking spaces available at Fix Auto during his visits.  (Id. ¶ 6-11.)  In part, plaintiff alleges that the parking space reserved for persons with disabilities had no access aisle, improper signage, and faded markings.  (Id. ¶¶ 8-10, 14.)  Second, plaintiff alleges in his complaint that Fix Auto's bathroom presents an access barrier because its path of access is obstructed by stairs and it lacks fixtures that are ADA compliant, although he admits he did not personally encounter this barrier.  (Compl. ¶¶ 39, 42-51 (Docket No. 1).)  Plaintiff claims he has been deterred from returning and patronizing Fix Auto because of these barriers.  (Johnson Decl. ¶ 13.)

On October 4, 2017, plaintiff's investigator, Evens Louis, conducted his first investigation of Fix Auto.  (Decl. of Evens Louis ("Louis Decl.") ¶¶ 2-3. (Docket No. 24-8).)  He found Fix Auto's accessible parking space and bathroom were not compliant with ADA or California Building Code ("CBC") standards.

2

(Id. ¶¶ 6-12.) On January 11, 2018, Louis returned to Fix Auto and concluded that, while Fix Auto had repainted the parking space, it still did not conform to CBC or ADA requirements. (Id. ¶¶ 14-17.) His declaration does not include a second evaluation of Fix Auto's bathroom. (See generally id.)

II. Discussion

    A. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Any inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

    B. Americans with Disabilities Act

To prevail on an ADA claim, the plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability.[1] Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th

---

[1] Defendants argue that a reasonable jury could find plaintiff did not visit Fix Auto for bona fide patronization, but rather "to look for ADA litigation opportunities." (Opp. to Mot. for Summ. J. at 7-8.) While plaintiff claims he did intend to

Cir. 2007).

Plaintiff has established, and defendant does not contest, the first two elements. Whether plaintiff was denied access to a public accommodation because of his disability is the only element in dispute.

   1.   Parking Lot Violations

Plaintiff cites the CBC and the ADA Accessibility Guidelines ("ADAAG") to support his contention that defendant violated the ADA.

Plaintiff asserts that defendant violated the CBC because the markings delineating the accessible parking space were faded, signs detailing fine information and other warnings were not posted above the space, and the access aisle did not have "NO PARKING" painted on top of it. (Mot. for Summ. J. at 9-10 (citing CBC §§ 1129B4,[2] 11B-502.3.3).) However, failing to

---

use Fix Auto's services and will seek to do so in the future because it is close to his home (Johnson Decl. ¶¶ 17-18), even if the defendant is correct, "motivation is irrelevant to the question of standing under Title III of the ADA." See Civ. Rts. Educ. and Enf't Ctr. v. Hosp. Props. Tr., 867 F.3d 1093, 1102 (9th Cir. 2017).

[2]   Plaintiff claims these deficiencies violate California Building Code § 1129B.4, though it appears he may have intended to cite § 11B-502.6. See https://codes.iccsafe.org/content/CABCV12019/chapter-11b-accessibility-to-public-buildings-public-accommodations-commercial-buildings-and-public-housing (last visited on October 22, 2019). Other courts have struggled to find plaintiff's cited regulation. See, e.g., Johnson v. Siu Keung Chan, No. 2:17-cv-00138-KJM-AC, 2019 WL 2448443, at *4 (E.D. Cal. June 12, 2019); Johnson v. Lababedy, No. 2:16-CV-0126-KJM-AC, 2016 WL 4087061, at *4 (E.D. Cal. Aug. 2, 2016) ("[T]here are no sections '1129B.4' or '1129B.3' in the current California Building Code.") Conversely, § 11B-502.3.3 does exist in the current version of the CBC.

4

comply with the CBC standards does not establish a violation of the ADA. See, e.g., Johnson v. Siu Keung Chan, No. 2:17-cv-00138-KJM-AC, 2019 WL 2448443, at *4 (E.D. Cal. June 12, 2019) (collecting cases). Therefore, these allegations are immaterial to resolving whether plaintiff is entitled to summary judgment on his ADA claim.

Parties agree that under the ADAAG, access aisles must be at least 96 inches wide. See 28 C.F.R. Pt. 36, App. D § 4.1.2(5)(b) (1991 ADAAG); 36 C.F.R. Pt. 1191, App. B § 208.2.4 (2010 ADAAG). They disagree, however, as to whether Fix Auto's access aisle is 96 inches wide. During his January 11, 2018 investigation, plaintiff's investigator found the access aisle was only five feet (or 60 inches) wide. (Louis Decl. ¶ 17.) But defendant's Chief Executive Officer, Dave Picton, claims he measured the access aisle "shortly after [he] became aware of plaintiff's lawsuit" and found the aisle was 96 inches wide. (Picton Decl. ¶¶ 4, 7.) Based on the evidence submitted to this court, there is a factual dispute between the parties regarding whether the aisle is five feet or eight feet wide. The court cannot resolve this dispute as a matter of law. Accordingly, plaintiff's motion for summary judgment as to the parking space violation will be denied.

2. Restroom Violations

Plaintiff alleges the defendant's bathroom presents multiple access barriers, including path of travel and inaccessible fixtures. (Louis Decl. ¶¶ 7-12.)

Defendant asserts that it does not offer a bathroom to the public, and that the restroom is reserved for employees

5

alone. (Picton Decl. ¶ 9.) If the bathroom is closed to the public, then "is not a place of public accommodation and thus is not subject to Title III of the ADA." Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1048 (9th Cir. 2008). But plaintiff's investigator was able to evaluate the bathroom and take pictures and measurements on October 4, 2017. (Louis Decl. ¶ 7-12; Docket No. 24-9 (pictures).) This at least suggests that the bathrooms may be open to the public, and therefore must be ADA compliant. The court must deny plaintiff's summary judgment motion on this claim because the bathroom's availability to the public -- and therefore whether the ADA applies to the bathroom -- presents a genuine issue of material fact.

    C.   The Unruh Act

The Unruh Act provides in relevant part that every person is "entitled to the full and equal accommodations, advantages, privileges, or services in all business establishments of every kind whatsoever" notwithstanding his or her disability. Cal. Civ. Code § 51(b). "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of [the Unruh Act]." Cal. Civ. Code § 51(f) (internal citations omitted). Plaintiff does not allege a violation of the Unruh Act independent from his claims under the ADA. (See Compl. at 10-11.) Because the court does not grant summary judgment on the alleged ADA violations above, the court cannot grant plaintiff's motion for summary judgment with respect to the Unruh Act. Accordingly, plaintiff's motion as to the Unruh Act will be denied.

IT IS THEREFORE ORDERED that plaintiff's Motion for
Summary Judgment (Docket No. 24) be, and the same hereby is,
DENIED.

Dated:  October 23, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE