UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT N. JOHNSON,

        Plaintiff,

   v.

SWEET SPARK, INC.,

        Defendant.

No. 2:17-cv-02474 WBS DB

ORDER RE: MOTION FOR
ATTORNEY'S FEES

----oo0oo----

Plaintiff Scott Johnson moves for $35,359.20 in attorney's fees pursuant to the court's authority under the Americans with Disabilities Act, 42 U.S.C. § 12205, and California Civil Code § 52(a) following the parties' settlement. (Docket No. 43.)

I.   Facts & Procedural Background

Plaintiff is a quadriplegic who uses a wheelchair for mobility and has a specially equipped van. (Decl. of Scott Johnson ("Johnson Decl.") ¶¶ 2-3 (Docket No. 24-5).) Plaintiff claims that on at least five different occasions between March

1

2017 and September 2017, he encountered access barriers at Fix Auto Sacramento ("Fix Auto") that denied him full and equal access to Fix Auto and caused him difficulty and frustration. (Id. ¶¶ 6-12.)  At all relevant times, defendant Sweet Spark, Inc. ("Sweet Spark") owned, and presently owns, Fix Auto.  (Def's Resp. to Pl.'s Req. for Admis. 2-5 (Docket No. 24-12).)  Plaintiff filed this action on November 24, 2017 seeking an injunction under the ADA and Unruh Act compelling Sweet Spark to bring its facilities into full compliance with the ADA.  He also sought damages under the Unruh Act.  (Compl. at 11 (Docket No. 1).)

After this court denied plaintiff's motion for summary judgment (Docket No. 28), the parties reached a settlement agreement following their final pretrial conference.  (Docket No. 39.)  The settlement agreement disposed of all causes of action described in the complaint and any causes of action that may have been brought in the complaint, known or unknown.[1]  (Settlement Agreement (Docket No. 51).)  Presently before the court is plaintiff's opposed motion for attorney's fees.  (Docket No. 43.)

II.  Discussion

A.  Attorney's Fees

Pursuant to 42 U.S.C. § 12205, a prevailing party is entitled to "reasonable attorney's fees, including litigation expenses and costs."  42 U.S.C. § 12205.  Similarly, prevailing parties can recover attorney's fees in suits brought under

---

[1]  The parties' confidential settlement agreement was submitted to the court under seal.

2

California civil rights statutes, including the Unruh Civil Rights Act.  Cal. Civ. Code § 52(a).  Defendant does not dispute that plaintiff was the prevailing party here, but contends that the attorney's fees were miscalculated and a portion of the fee award is unsupported by evidence.  (Opp. to Mot. ("Opp.") (Docket No. 47).)

An award of reasonable attorney's fees is determined by the lodestar approach.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The lodestar is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Id.  The court will exclude from the calculation any hours that were not reasonably expended because they were "excessive, redundant or unnecessary."  Id. at 434.  The court may then adjust the lodestar figure "pursuant to a variety of factors."  Gonzalez v. City of Maywood, 729 F.3d 1196, 1209 (9th Cir. 2013) (citation and internal punctuation omitted).  There is a strong presumption that the lodestar amount is reasonable. Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000).  In determining the size of an appropriate fee award, the court need not "achieve auditing perfection."  Fox v. Vice, 563 U.S. 826, 838 (2011).  The court may use estimates and "take into account [its] overall sense of a suit" to determine a reasonable attorney's fee.  Id.

### 1.  Lodestar Computation

The burden is on the party requesting attorney's fees to produce evidence to support his request.  Blum v. Stenson, 465 U.S. 886, 905 (1984).  This includes submitting billing records to establish that the number of hours requested is reasonable.

3

Gonzalez, 729 F.3d at 1202.  The court may reduce the hours

"where documentation of the hours is inadequate; if the case was

overstaffed and hours are duplicated; [or] if the hours expended

are deemed excessive or otherwise unnecessary."  Chalmers v. City

of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).

Plaintiff submitted a billing statement itemizing the

time spent by twelve attorneys on this matter: Russell Handy,

Phyl Grace, Dennis Price, Amanda Seaback, Isabel Masanque, Chris

Seaback, Sara Gunderson, Elliot Montgomery, Khushpreet Mehton,

Robert Doyle, Bradley Smith, and Mark Potter.  (Mot. Ex. 2

("Billing Statement") (Docket No. 43-3).)  Defendant claims that

counsel billed for items that were clerical, unnecessary, or

unreasonable.  (Opp. at 7-16.)  The hours claimed by plaintiff's

counsel, the defendant's requested deduction to hours, and the

hours that would remain after the requested deduction are as

follows:

| Attorney Name | Hours Claimed by Plaintiff | Requested Deduction | Hours Remaining After Deduction |
|---|---|---|---|
| Mark Potter | .3 | 0 | .3 |
| Russell Handy | 4.4 | 1.8 | 2.6 |
| Phyl Grace | 2.6 | 1.7 | .9 |
| Dennis Price | 18.3 | 15.4 | 2.9 |
| Amanda Seaback | 2.4 | 1.9 | .5 |
| Chris Seaback | 1.6 | 0 | 1.6 |
| Isabel Masanque | 12.3 | 2.2 | 10.1 |
| Elliot Montgomery | 1.3 | 0 | 1.3 |
| Sara Gunderson | 2.3 | 1.4 | .9 |
| Khushpreet Mehton | .4 | .4 | 0 |
| Robert Doyle | .1 | .1 | 0 |
| Bradley Smith | 31.0 | 6.7 | 24.3 |
| **Totals** | 77 hours claimed | 32.6 hours requested reduction | 55.7 lodestar hours |

i.   Billings by Handy

4

Mr. Handy claims 4.4 total hours.  (See generally Billing Statement.)  Defendant first objects to an hour spent by Mr. Handy reviewing defendant's answer and updating case notes. (Opp. at 7.)  Defendant claims an hour spent on this task is "excessive" and there is "inadequate documentation regarding what analysis was conducted, and what notes were updated."  (Id.)  The court finds it is reasonable to spend an hour reviewing an answer and updating case notes, and will not reduce that portion of Mr. Handy's claimed hours.

Next, defendant objects to Mr. Handy's review of particular orders in light of their brevity, including: reviewing the stay order and VDRP order, reviewing the order extending VDRP, reviewing the notice of appointment of a VDRP neutral, reviewing an order extending time to complete VDRP, reviewing the notice of completion of VDRP, reviewing the text of the order for the settlement conference, reviewing the order vacating the trial date and deadline for dismissal, and reviewing the minutes of the settlement conference.  (Opp. at 7-8.)  These reviews totaled 1 hour.  (Id.; Billing Statement 3-5, 7-8.)  While some of the orders were as short as a sentence, exacting review of a court's orders is a reasonable activity.  Therefore, the billings for reviewing orders are not unreasonable or excessive.

Conversely, Handy billed .8 hours for conveying instructions to his assistant.  (Opp. at 7-8; Billing Statement 3-5, 8.)  Defendant objects, claiming these instructions are a clerical task that cannot be billed as attorney's fees.  (Opp. at 7-9.)  The Ninth Circuit has recognized that work that is "clerical in nature . . . should [be] subsumed in firm overhead

rather than billed." <u>Nadarajah v. Holder</u>, 569 F.3d 906, 921 (9th Cir. 2009). This can include organizational tasks like filings, calendaring dealings, and certain email correspondence. <u>See</u> <u>Miller v. Schmitz</u>, 1:12-cv-00317-LJO-SAB, 2017 WL 633892, at *6-7 (E.D. Cal. Feb. 15, 2017). While careful instructions are important, instructions to "notify plaintiff of mediation date" or "send reminder email to plaintiff" are clerical tasks that cannot be billed at an attorney's rate. (Billing Statement at 4.) Accordingly, the court will reduce Mr. Handy's claimed hours by .8, bringing his total hours to 3.6.

### ii. <u>Billings by Grace</u>

Defendant first claims Ms. Grace billed for clerical tasks when listing .5 hours for correspondence and instructions between her and her assistant to "contact defense counsel" and "confirm with defense counsel," among other things. (Opp. at 9-10.) For the reasons discussed above, the court agrees and will reduce her claimed hours by .5.

Defendant also objects to .6 hours' worth of emails exchanged between Ms. Grace and defense counsel. (<u>Id.</u>) While the descriptions on the mast majority of the entries are confined to "email with defense counsel," the court recognizes that these emails could be substantive and the time spent will not be excluded. <u>See</u> <u>Miller</u>, 2017 WL 633892, at *8.

Finally, defendant objects to Ms. Grace's billings for reviewing draft stipulations, deadline extensions, and additional revisions of drafted stipulation, totaling .7 hours. (Opp. to Mot. at 9.) The court does not find this excessive or duplicative, and will not reduce the hours on those grounds.

Accordingly, the court will reduce Ms. Grace's claimed 2.6 hours by .5, leaving her with 2.1 hours.

### iii. Billings by Price

Defendant next argues that Price's instructions to his assistant for the joint status report and his review of billing for errors or duplications are unbillable, because they are clerical or overhead. (Opp. at 10.) Time spent on tasks like preparing billing statements falls within the scope of administrative tasks previously mentioned. See Miller, 2017 WL 633892, at *9 (citing Valley Bank & Trust Co., 678 F. Supp. 714, 725 (N.D. Ill. 1988)). Accordingly, Mr. Price's rate will be reduced .4 hours.

Similarly, defendant argues plaintiff's claimed research on prevailing hourly rates in Sacramento are unbillable because the information can easily be found, or is already known to the attorneys given their expertise. (Opp. at 10.) Ironically, plaintiff provides an abundance of research on prevailing rates in the Central District of California, but provides no guidance on the prevailing rates in the Eastern District. (See Docket No. 43-5 & 6.) Accordingly, the court will not allow that request.

Finally, Price billed 6.0 hours to draft the fees motion and initially billed an additional 8.0 hours to prepare the reply brief in support of the pending motion and to prepare for and attend the oral argument. (Billing Statement at 9.) The court finds taking 6 hours to draft the fees motion is reasonable. In a declaration submitted with plaintiff's reply, Mr. Price claims reviewing the defendant's opposition to the

current motion took 2.1 hours and drafting the reply took 3.1 hours.  (Decl. of Dennis Price ("Price Decl.") ¶¶ 3-4 (Docket No. 53-1).)  In light of the submission of the motion on the papers, Mr. Price withdrew his request for additional time associated with a court appearance.  (Id. ¶ 5.)  The court finds the total time associated with reviewing defendant's opposition and drafting the reply -- 5.2 hours -- is not unreasonable.  The court will subtract the remaining 2.8 hours from Mr. Price's initial 8 hour time estimate per the plaintiff's withdrawal. Accordingly, Mr. Price's claimed 18.3 hours will be reduced by 5.2, bringing his total to 13.1.

### iv.  Billings by Masanque

Defendant objects to billing .8 hours for a public record search, claiming it is a clerical task.  (Opp. at 11; Billing Statement at 2.)  Indeed, this court has previously addressed this precise task by plaintiff's counsel in three of its prior decisions, and reduced the hours claimed in each.  See Johnson v. Xinliang Bai, No. 2:16-1698 WBS GGH, 2017 WL 3334006, at *2 (E.D. Cal. Aug. 4, 2017) (reducing 2.2 hour search by 1.1 hours); Johnson v. Wayside Prop., Inc., No. 2:13-1610 WBS AC, 2014 WL 6634324, at *4 (E.D. Cal. Nov. 21, 2014) (2.1 hours for public records research reduced to 1.1 hours); Johnson v. Allied Trailer Supply, No. 2:13-1544 WBS EFB, 2014 WL 1334006, at *2 (E.D. Cal. Apr. 3, 2014) (same).  But here, with under an hour's worth of work claimed, the court finds it is reasonable.

Defendant then claims that .7 hours to draft the complaint and .1 hours to review the court's summons are "excessive."  (Opp. at 11-12.)  These are substantive tasks, and

8

the amount of time claimed does not appear to be unreasonable. However, Ms. Masanque's claimed .6 hours spent providing instructions to her assistant, emailing the court clerk, and emailing a word version of the statement of undisputed facts to opposing counsel are clerical and will be discounted. (Opp. at 12; Billing Statement 2, 7.) Accordingly, Ms. Masanque's claimed 12.3 hours will be reduced by .6, leaving her with 11.7 hours.

v.  <u>Billings by Amanda Seabock</u>

Defendant argues spending 1.2 hours drafting a notice of settlement, settlement agreement, and stipulation to extend deadline for dismissal is an unbillable clerical task. (Opp. at 12; Billing Statement at 8-9.) While drafting a notice of settlement is arguably a clerical task, see <u>Xinliang Bai</u>, 2017 WL 3334006, at *2, the court finds that .3 hours to draft the notice of settlement, .6 hours to draft the settlement, and .3 hours to draft the stipulation to extend deadline for dismissal is not unreasonable and therefore it will not be discounted.

Similarly, the .6 hours spent reviewing correspondence from defense counsel is also not unreasonable and will not be reduced. (Opp. at 12-13.) However, for the reasons set forth above, the court finds Ms. Seabock's correspondence with her assistant cannot be billed because it is clerical. (Opp. at 12.) Accordingly, the court will reduce Ms. Seabock's claimed 2.4 hours by .1 hours.

vi.  <u>Billings by Gunderson</u>

Much as with the other attorneys, defendant objects to the .5 hours Ms. Gunderson spent providing instructions to her assistant, and for the reasons the court has already provided,

1  this time will be discounted.  (Opp. at 13-14; Billing Statement

2  5-6.)  The .4 hours spent corresponding with defense counsel, or

3  reviewing correspondence from the city clerk or court, is not

4  inherently clerical, and will not be discounted.  (Id.)  Finally,

5  the .4 hours spent reviewing the investigator's report and the .1

6  hours spent drafting notices of deposition will not be reduced as

7  clerical or excessive in light of their substantive nature.

8  Accordingly, Ms. Gunderson's 2.3 hours will be reduced by .5,

9  leaving her with 1.8 hours for the lodestar calculation.

10                      vii. Billings by Mehton

11       Defendant argues the .2 hours Mr. Mehton spent drafting

12  a notice of appearance and .2 hours spent drafting a notice of

13  withdrawal are clerical tasks.  (Opp. at 14; Billing Statement at

14  3.)  Some tasks, like drafting notices, do not require an

15  attorney to perform.  See Compass Bank v. Morris Cerullo World

16  Evangelism, No. 13:CV-0654-BAS (WVG), 2015 WL 3442030, at *8

17  (S.D. Cal. May 28, 2015) (finding "certain tasks were ministerial

18  and did not require an attorney to perform[,]" including drafting

19  a subpoena).  These notices fall within that scope, and will be

20  excluded.

21                      viii. Billings by Doyle

22       Mr. Doyle billed .1 hours to review the court's order

23  to continue the scheduling conference.  (Billing Statement at 2.)

24  This is the only task for which Mr. Doyle recorded time.  The

25  court finds it unreasonable to seek attorney's fees for one

26  discrete task.  Accordingly, Mr. Doyle's hours will be reduced to

27  zero.

28                      ix.  Billings by Smith

Defendant objects to the .2 hours Mr. Smith used to draft the appearance of counsel, and for the reasons set forth above, it will be discounted as clerical. (Opp. at 15.) Defendant next objects to the 2 hours Mr. Smith used to prepare for the mediation conference. (See id.) However, the court finds two hours to prepare for a mediation conference is not unreasonable. Next, Mr. Smith's review of emails from defense counsel are not necessarily clerical, and therefore the 1 hour spent doing so will not be discounted. (See id. at 15-16.) However, the .8 hours Mr. Smith spent conveying instructions to his assistant or reviewing emails from a judicial assistant are administrative and will be discounted. (See id.)

Additionally, the .3 hours Mr. Smith took to fill out the subpoena form and the .2 hours he used to draft the notice of submission of confidential settlement agreement is considered clerical and will be discounted. See Compass Bank, 2015 WL 3442030, at *8 (finding "certain tasks were ministerial and did not require an attorney to perform[,]" including drafting a subpoena).

Finally, 2 hours to prepare for the settlement conference is not ordinarily unreasonable. However, here the court has already awarded Mr. Smith compensation for 2 hours to prepare for the mediation conference. Considering the similarities between a mediation conference and a settlement conference, the court finds it duplicative and unreasonable to compensate Mr. Smith for both 2 hours in preparation for the mediation conference and another 2 hours in preparation for the settlement conference. No explanation is provided for how the

tasks were any different.  Accordingly, the court will discount
the 2 hours claimed by Mr. Smith for preparing for the settlement
conference.  Mr. Smith's claimed 31 hours will be reduced by 3.5,
for a total of 27.5.

x.   Summary

All told, the attorney's claimed hours, the defendant's
requested reduction, the court's actual reduction, and the hours
remaining for the lodestar calculation are listed below:

| Attorney Name | Hours Claimed | Requested Reduction | Hours Reduced (if any) | Hours for Lodestar |
|---|---|---|---|---|
| Mark Potter | .3 | 0 | 0 | .3 |
| Russell Handy | 4.4 | 1.8 | .8 | 3.6 |
| Phyl Grace | 2.6 | 1.7 | .5 | 2.1 |
| Dennis Price | 18.3 | 15.4 | 5.2 | 13.1 |
| Amanda Seabock | 2.4 | 1.9 | .1 | 2.3 |
| Chris Seabock | 1.6 | 0 | 0 | 1.6 |
| Isabel Masanque | 12.3 | 2.2 | .6 | 11.7 |
| Elliot Montgomery | 1.3 | 0 | 0 | 1.3 |
| Sara Gunderson | 2.3 | 1.4 | .5 | 1.8 |
| Khushpreet Mehton | .4 | .4 | .4 | 0 |
| Robert Doyle | .1 | .1 | .1 | 0 |
| Bradley Smith | 31.0 | 6.7 | 3.5 | 27.5 |
| **Totals** | 77 hours claimed | 32.6 hours requested reduction | 11.7 hours actually reduced | 65.3 lodestar hours |

2.   Hourly Rates

After the hours are calculated, the court must look to
the prevailing rates for the "relevant community" to determine
how much to award.  Camacho v. Bridgeport Financial, Inc., 523

12

F.3d 973, 979 (9th Cir. 2008). The relevant community is the form in which the district sits. Id. In this case, the relevant community is the Sacramento Division of the Eastern District of California. The prevailing party has the burden of producing sufficient evidence that its "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 895 n.11; accord Gonzalez, 729 F.3d at 1206. Unless the requesting party provides evidence of the prevailing rate in the relevant community, the court is permitted to consider the rates awarded in prior fee awards in the district. See Johnson v. Patel, No. 2:14-2078 WBS AC, 2016 WL 72711, at *3 (E.D. Cal. Feb. 23, 2016).

Overwhelmingly, the recent cases from this district have concluded that hourly rates of $300 for Mr. Potter and Mr. Handy, $250 for Ms. Grace, and $150 for Mr. Price and other junior attorneys[2] are reasonable. See, e.g., Johnson v. Hey Now Properties, LLC, No. 2:16-CV-02931 WBS KJN, 2019 WL 586753, at *3 (E.D. Cal. Feb. 13, 2019) (finding hourly rate of $300 for Potter and Handy, $250 for senior attorneys, and $150 for junior attorneys were reasonable); Johnson v. Wen Zhi Deng, No. 2:15-CV-02698 KJM EFB, 2019 WL 1098994, at *2 (E.D. Cal. Mar. 8, 2019) (holding that "the rates outlined in Hey Now Properties are the appropriate, prevailing rates in this district...."); Johnson v.

---

[2] The court finds Amanda Seabock, Chris Seabock, Isabel Masanque, Elliott Montgomery, Sara Gunderson, Khushpreet Mehton, Robert Doyle, and Bradley Smith have approximately equal or less experience than Dennis Price. Accordingly, their hourly rate will also be set at $150.

1  <u>Pizano</u>, No. 2:17-cv-1655 TLN DB, 2019 WL 2499188, at *7 (E.D.

2  Cal. June 17, 2019) (recommending "a reasonable hourly rate of

3  $300 per hour for attorneys Potter and Handy, $250 for attorney

4  Grace, and $150 for the less experienced associate, attorney

5  Price."); <u>Johnson v. Powers</u>, No. 2:15-cv-245 WBS AC (PS), 2019 WL

6  2386063, at *1 (E.D. Cal. June 5, 2019).  According, the lodestar

7  in this case is $10,590, calculated as follows:

8                  Potter:        .3 x $300     = $90

9                  Handy:        3.6 x $300    = $1,080

10                  Grace:        2.1 x $250    = $525

11                  Price:        13.1 x $150   = $1,965

12                  A. Seabock:  2.3 x $150    = $345

13                  C. Seabock:  1.6 x $150    = $240

14                  Masanque:    11.7 x $150   = $1,755

15                  Montgomery:  1.3 x $150    = $195

16                  Gunderson:   1.8 x $150    = $270

17                  Mehton:      0 x $150      = $0

18                  Doyle:        0 x $150      = $0

19                  Smith:        27.5 x $150   = $4,125

20          2.  <u>Adjustments to the Lodestar</u>

21          Defendants argue the court should reduce the lodestar

22  by 50 percent to reflect the plaintiff's limited success.  (Opp.

23  at 17.)  Alternatively, defendant requests the court subtract the

24  hours plaintiff's counsel spent preparing its unsuccessful motion

25  for summary judgment.  (<u>Id.</u>)

26          To determine whether the amount of fees awarded should

27  be adjusted based on limited success, the court must first ask

28  whether "the plaintiff fail[ed] to prevail on claims that were

unrelated to the claims on which he succeeded," and then whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Ibrahim v. U.S. Dep't of Homeland Sec., 912 F.3d 1147, 1172 (9th Cir. 2019) (citing Hensley, 461 U.S. at 434). "[C]laims are unrelated if the successful and unsuccessful claims are distinctly different both legally and factually; claims are related, however, if they involve a common core of facts or are based on related legal theories." Dang v. Cross, 422 F.3d 800, 813 (9th Cir.2005) (citations and internal quotation marks omitted) (alterations in original). If the successful claims are unrelated to the unsuccessful claims, "the hours expended on the unsuccessful claims should not be included in the fee award." Id. Because plaintiff's claims arise out of a "common core of facts," the court must focus on the significance of the overall relief plaintiff obtained.

In so doing, the court should "give primary consideration to the amount of damages awarded as compared to the amount sought." Farrar v. Hobby, 506 U.S. 103, 114 (1992). To do so, the court must consider the "excellence of the overall result" including the extent to which a plaintiff's success "served the public interest by vindicating important constitutional rights" or provided the "public benefit of deterring unconstitutional conduct." McCown v. City of Fontana, 565 F.3d 1097, 1101-02 (9th Cir. 2009).

Defendant argues plaintiff did not succeed in this action because the parties' settlement agreement did not reflect the relief sought. (Opp. at 18-19.) Instead of an injunction

15

and the full amount of statutory damages available for the
alleged Unruh Act violations, parties settled "to avoid
litigation and buy peace," settling for a "nuisance value."
(Opp. at 19.)  Plaintiff contests defendant's characterization of
the relief, arguing the resulting modification of plaintiff's
property "out of fear of future litigation" and the amount of
damages amounts to more than a "nuisance" victory.  (Reply at 2-3
(Docket No. 53).)

The court finds it appropriate to reduce the lodestar
by the number of hours spent on the unsuccessful motion for
summary judgment.  Plaintiff's argument that he was entitled to
judgment as a matter of law based on alleged violations of the
California Building Code was inconsistent with clearly
established law and bordered on frivolous.  Further, there were
obviously disputed issues of fact on plaintiff's claim of a
parking lot violation based upon the measurement of the access
aisle and his claim that the bathroom was open to the public.  In
short, the motion for summary judgment was clearly without merit
and should never have been made.

Three attorneys worked on plaintiff's motion for
summary judgment: Ms. Masanque spent 9.1 hours working on the
motion, while Mr. Smith spent 2.5 hours and Mr. Handy spent .1
hours reviewing the order denying the motion for summary
judgment.  (See Billing Statement at 7.)  The reduction would be
$1,770, calculated as follows:

        Masanque:      9.1 x $150    = $1,365

        Smith:         2.5 x $150    = $375

        Handy:         .1 x $300     = $30

Accordingly, the court will reduce $1,770 from the lodestar amount of $10,590 to award $8,820. Additionally, in light of the confidentiality of the settlement agreement, the court will not discuss its terms in detail in this order. Suffice it to say it does not come close to reflecting the value of this case had it gone to trial and plaintiff succeeded on the merits. For that reason, the court will further reduce the attorney's fee by 25 percent, bringing the total amount to $6,615.

B.  Litigation Expenses & Costs

Plaintiff claims litigation costs of $1,407.70. (Billing Statement at 1.)  Defendant does not oppose $1,007.70 of these costs, but contests a $400 award for investigators because "[t]here is no accompanying invoice establishing what work was done, when, or why, or why two investigators were necessary in a routine disability access case."  (Opp. at 3-4.)

The only evidence provided for the investigators' costs was Mr. Potter's declaration, in which he stated "[w]e bill our investigators at $200 per on-site investigation . . . [o]ur investigators did not present me a formal invoice."  (Decl. of Mark Potter ("Potter Decl.") ¶ 4 (Docket No.43-3).)  Other courts in this district have denied costs associated with investigators when parties have failed to provide specific evidence, including in cases involving this plaintiff.  See Johnson v. Yates, No. 2:14-cv-1189-TLN-EFB, 2017 WL 3438737, at *3 (E.D. Cal. Aug. 10, 2017) (finding that "billing $200 for an ambiguous 'investigation' without providing supporting documents" was unreasonable); Johnson v. Saleh, 2:16-cv-00617-JAM-KJN, 2018 WL

1157494, at *3 (E.D. Cal. Mar. 5, 2018) (denying cost request for investigator because "the Court ha[d] no basis upon which to judge whether these costs were reasonably incurred" due to plaintiff's failure to include supporting documents). This court will follow suit and deny plaintiff the $400 fee because it has no way to judge whether the costs were reasonable.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's motion for attorney's fees and costs (Docket No. 43) be, and the same thereby is, GRANTED in part; and

(2) Defendant is directed to pay $6,615 in attorney's fees and $1,007.70 in costs to plaintiff.

Dated:  March 19, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE